JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| HARRY ROBERSON, | ) | No. CV 09-5583-GAF (PLA) |
| Petitioner, | ) | |
| v. | ) | ORDER RE: SUMMARY DISMISSAL OF SUCCESSIVE PETITION |
| P. VASQUEZ, | ) | |
| Respondent. | ) | |

On July 30, 2009, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. The Petition challenges petitioner's 2002 conviction in the Ventura County Superior Court in Case No. 2001034420. (See Petition at 2).

On October 25, 2005, petitioner filed a prior habeas petition in this Court, Case No. CV 05-7637-GAF (PLA), in which he challenged his 2002 conviction in the same Superior Court case that he challenges herein. The 2005 petition was dismissed on the merits with prejudice pursuant to the Judgment entered on September 22, 2006. A request for a certificate of appealability was denied by this Court on November 6, 2006, and by the Ninth Circuit Court of Appeals on April 25, 2007.

A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th

Cir. 2001) (per curiam), cert. denied, 538 U.S. 984, 123 S. Ct. 1793 (2003). A second or subsequent petition for habeas corpus is not considered "successive" if the initial or prior petition was dismissed on a technical or procedural ground rather than on the merits. See Slack v. McDaniel, 529 U.S. 473, 485-87, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (holding that dismissal for failure to exhaust state remedies is not an adjudication on the merits). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

In his 2005 federal habeas challenge, petitioner raised the following claims: (1) the trial court abused its discretion when it refused to strike petitioner's prior convictions which arose from a single act; (2) the trial court erroneously admitted as evidence petitioner's statement to the police obtained in violation of Miranda[1]; and (3) Jury Instruction CALJIC No. 17.41.1 violated petitioner's constitutional right to due process. (See Report and Recommendation in Case No. CV 05-7637-GAF (PLA), entered July 24, 2006, at p. 4). As mentioned above, the action was dismissed on the merits and with prejudice. (See Report and Recommendation in Case No. CV 05-7637-GAF (PLA), entered July 24, 2006, at pp. 1-21; see also Order Adopting Magistrate Judge's Report and Recommendation and Judgment, both entered on September 22, 2006).

/

---

[1] Miranda v. Arizona, 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 699 (1966).

1  In the instant Petition, petitioner sets forth a new claim -- i.e., that petitioner received ineffective assistance of appellate counsel -- that was not presented in the earlier federal habeas action, as well as a claim related to his prior convictions that is similar to the claim presented in the earlier federal habeas action. (See Petition at 5; see also Petition, Appendix 1 at 1-4; Petition, Appendix 2 at 1-7). However, even if petitioner's claims in the instant Petition satisfied 28 U.S.C. § 2244(b)(2)(A) or § 2244(b)(2)(B), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). There is no indication in the instant Petition, or in the overall record, that petitioner obtained such authorization from the Ninth Circuit. See Burton v. Stewart, 549 U.S. 147, 127 S. Ct. 793, 796, 166 L. Ed. 2d 628 (2007) (AEDPA requires petitioner to receive authorization from the Court of Appeals before filing a second habeas petition).

On July 31, 2009, the Magistrate Judge issued an Order to Show Cause Re: Dismissal of Successive Petition. Petitioner was advised therein that a review of his Petition indicated that it was successive, and he was ordered to show cause why his Petition should not be dismissed on that basis. Specifically, petitioner was advised that unless he submitted documentation to the Court on or before August 21, 2009, showing that he filed a motion in the Ninth Circuit for an order authorizing the District Court to consider a successive petition and that the Ninth Circuit issued such an order, the Petition would be dismissed without prejudice. The Court has not received any such documentation from petitioner, or any response whatsoever to the Order to Show Cause. As such, the Court concludes that it is without jurisdiction to entertain the Petition under 28 U.S.C. § 2244(b). See id.; Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'").

/
/
/
/

1    Accordingly, the Court finds that dismissal of the instant Petition is appropriate as it is
2 successive, and petitioner has not provided any documentation to this Court showing that he
3 received authorization from the Ninth Circuit to file a successive petition.  IT IS THEREFORE
4 ORDERED that the Petition is **dismissed without prejudice**.

6 DATED:  September 16, 2009

                                        HONORABLE GARY A. FEESS
                                        UNITED STATES DISTRICT JUDGE